

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00015-CR

_____

ANDREA MICHELLE COLLARD, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 7
Tarrant County, Texas
Trial Court No. 1853892

Before Bassel, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

A jury found Appellant Andrea Michelle Collard guilty of one Class A misdemeanor count of resisting arrest, search, or transportation, *see* Tex. Penal Code § 38.03(a), and the trial court assessed her punishment at ninety days' confinement, *see id.* § 12.21. The trial court suspended imposition of the sentence and placed Appellant on fifteen months' community supervision.[1] *See* Tex. Code Crim. Proc. art. 42A.053.

## II. BACKGROUND

Appellant's court-appointed appellate attorney[2] has filed a motion to withdraw as counsel and a brief in support of that motion, representing that there are no reversible, non-frivolous issues to be raised in this appeal. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appellate relief. *Id.*, 87 S. Ct. at 1400; *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim App. 2008) (orig. proceeding). Appellant's counsel provided her with a copy of the *Anders* brief

---

[1] The trial court also credited Collard with five days' time served.

[2] Two attorneys, Kevin C. Smith and Obinna Okeke, are signatories to Collard's appellate brief; both have moved to withdraw. However, only Smith was appointed by the trial court, and Smith was the only signatory to the notice of appearance filed in this case.

and motion to withdraw, notified Appellant of her right to file a pro se response in this court and to file a petition for discretionary review in the Court of Criminal Appeals should this court agree that the appeal is frivolous, and provided her with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant has neither requested a copy of the record from this court nor filed a response. The State filed a letter stating that it agreed with Appellant's counsel that there are no non-frivolous issues and that it would not reply to the *Anders* brief.

### III. DISCUSSION

After an appellant's court-appointed counsel both files a motion to withdraw on the ground that an appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record for any arguable ground for reversal that may be raised on her behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have fulfilled our duty to independently examine the record. After reviewing the appellate record and the *Anders* brief, we have determined that—but for two minor errors[3] in the judgment—the appeal is wholly frivolous and without merit.

---

[3]We may modify a trial court's judgment to correct clerical errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973); *see Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal and to affirm the judgment as reformed).

First, we delete from the judgment $5 of "Reimbursement Fees" assessed without reference to a statutory basis. Chapter 102 of the Texas Code of Criminal Procedure governs costs to be paid by convicted defendants. *See* Tex. Code Crim. Proc. arts. 102.001–.073. Only statutorily authorized costs may be assessed against a criminal defendant. *See id.* art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law."). Because the record contains no bill of costs and assesses the reimbursement fee without a statutory basis, we delete it from the judgment. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).

Second, we delete from the judgment the $270 in court costs. Although when the trial court pronounced sentence, the judge stated that "any fines and court costs" in the case were waived, the written judgment states that $270 in court costs had been assessed against Collard. Because the written judgment does not reflect the pronouncement, we modify the judgment to reflect the court-cost waiver. *See* Tex. Code Crim. Proc. art. 43.091(c); *Bray*, 179 S.W.3d at 726.

Aside from these minor corrections, our independent review reveals nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw.

## IV. CONCLUSION

We modify the trial court's judgment to delete the $5 reimbursement fee and $270 court costs and affirm the judgment as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 9, 2026